## McKay *v.* Trainor, Appellant.

*Tax liens—Acts of Feb.* 24, 1871, *March* 22, 1877.

The act of March 22, 1877, P. L. 16, does not repeal the act of Feb. 24, 1871, P. L. 126.

*Constitutional law—Local law—Act of March* 22, 1877.

The act of March 22, 1877, P. L. 16, is a local and special law in violation of section 7, article 3, of the constitution. Safe Deposit Co. v. Fricke, supra, followed.

Argued Oct. 26, 1892. Appeal, No. 35, Oct. T., 1892, by defendant, Rose A. Trainor, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1884, No. 84, on verdict for plaintiff, James McKay. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Feigned issue. By agreement of the parties a special verdict was taken for plaintiff, subject to the opinion of the court whether he was entitled to recover on the facts. The special verdict was as follows :

SPECIAL VERDICT.

" And now, to wit : October 22, 1891, the jury find in favor of the plaintiff, subject to the opinion of the court on the question of law reserved on the following facts found by the jury :

" 1. On March 31, 1877, the owner of the property in dis-

pute, as appeared upon the records in the recorder's office of Allegheny county, and the registry in the office of the city engineer, of the city of Pittsburgh, were Robert and Thomas C. Dickson.

" 2. On April 2, 1877, a deed was registered in the registry at City Hall from Robert and Thomas C. Dickson to Robert A. Dickson, which was subsequently duly recorded in the recorder's office of Allegheny county.

" 3. The appropriation ordinance of the city of Pittsburgh by which the city taxes for the year 1877 were levied, passed councils and was approved by the mayor on the 31st day of March, 1877.

" 4. There were assessed for the year 1877 taxes against the lot in dispute and other properties of Robert and Thomas C. Dickson which were unpaid and became delinquent.

" 5. In 1880, the delinquent tax collector of the city of Pittsburgh filed a lien for the delinquent taxes of 1877, in the prothonotary's office of Allegheny county, at Delinquent Tax Docket, No. 15, September term, 1880, and said lien was filed under the provisions of the act of 22d of March, 1877, P. L. 16.   That said lien was for taxes assessed against the lot in dispute, inter alia, and was filed against Robert and Thomas C. Dickson.   That a sci. fa. was issued thereon and the property sold by the sheriff as the property of Robert and Thomas C. Dickson, and a deed made therefor by the sheriff to Michael Graver, and that the title of said Michael Graver became by sundry mesne conveyances vested in James McKay, the plaintiff in this feigned issue.

" If the court should be of opinion that on the facts found by the jury, the sheriff's sale at No. 15, September term, 1880, divested the title of Robert A. Dickson to said property, then judgment to be entered on the verdict, otherwise judgment to be entered in favor of the defendant, non obstante veredicto."

The court entered judgment for plaintiff on the verdict. Defendant appealed.

*Error assigned* was entry of judgment, quoting decree.

*A. M. Imbrie* and *W. C. Moreland,* for appellant.

*George B. Gordon,* with him *John Dalzell* and *Wm. Scott,* for appellee.

OPINION BY MR. JUSTICE STERRETT, January 3, 1893:

The controlling principles, applicable to the facts found by the special verdict in this case, are substantially the same as those that have been considered in opinion just filed in Safe Deposit Co., Adm'r, etc. v. J. R. Fricke et al., No. 272, October term, 1892 [the preceding case]. For reasons there stated, we think the learned court erred in entering judgment on the verdict in favor of the plaintiff.

Judgment reversed; and judgment is now entered in favor of the defendant, non obstante veredicto, on the question of law arising upon the facts established by the special verdict and reserved for the consideration of the court below.

(See, also, the following case.)